W. O. RUSSELL ET AL. V. ANDREW A. GILLESPIE.

FILED NOVEMBER 21, 1893.    No. 4662.

Wrongful Seizure and Sale Under Writ of Attachment:
LIABILITY OF SHERIFF: REVIEW. There being no disputed
question of law in this case, and the verdict of the jury being
in all respects in accordance with the evidence, the judgment of
the district court is affirmed.

ERROR from the district court of Red Willow county.
Tried below before COCHRAN, J.

*W. S. Summers*, for plaintiffs in error.

*J. Byron Jennings, contra.*

RAGAN, C.

This suit was brought in the district court of Red Willow county by Andrew A. Gillespie against W. O. Russell, the sheriff of said county, and V. Franklin and H. Trowbridge, the sureties on said sheriff's official bond. The cause of action alleged is that on May 11th, 1889, said sheriff held an attachment writ sued out before a justice of the peace, in favor of Studebaker & Welch, against one A. W. Gillespie, and that by virtue of said writ said sheriff seized and sold "one bay horse, one set double harness, and one lumber wagon," then and there the property of Andrew A. Gillespie. The answer admitted Russell was the sheriff, Franklin and Trowbridge were his sureties, the seizure and sale of the property, and denied the other allegations of the petition, and alleged that the property so seized was the property of A. W. Gillespie, the defendant in the attachment suit. The one issue in the case, aside from the value of the property, was whether Andrew A. or A. W. Gillespie owned the property seized. The

plaintiff below had a verdict and judgment, and the sheriff and his sureties bring the case here for review.

It appears that Andrew A. Gillespie lived in Colby, Kansas, and A. W. Gillespie was his son living in McCook, Nebraska. Andrew A. Gillespie, at the request of another son of his, John W., also living in McCook, sent the property sued for to John W. Gillespie, at McCook, Nebraska, for him to sell. He rented a barn of one Hart in McCook, put the property in the same and had A. W. Gillespie, his brother, take care of it and try to find a purchaser for it. It appears also that both John W. and A. W. Gillespie did try to find purchasers for their father's property, and offered it at private sale and public auction, and among other persons to whom they offered to sell it was the sheriff. The sheriff says he was led to believe the property seized was A. W. Gillespie's by his having charge of it at the barn. When the sheriff took it he was informed that the property was Andrew A. Gillespie's, and the evidence shows his title to this property to be clear and without a shadow of fraud or suspicion. Indeed, it would seem from the record that the seizure of this man's property was a high-handed outrage. The sheriff knew the day he seized this property that it did not belong to the defendant; yet, in utter disregard of this old man's rights, and in violation of his duties as sheriff, he took a bond from Studebaker & Welch to indemnify him, and committed an act of oppression. The sheriff and his sureties now assign as error that the verdict is contrary to the law and the evidence. It is not contrary to the law or the evidence, but in perfect accord with both.

It is also insisted that the court erred in refusing to give to the jury this instruction: "The court instructs the jury that if you find from the evidence that the plaintiff Andrew A. Gillespie, at the time and prior to the levy of the attachment, under which the property described in the petition was seized and sold, had clothed his son, A. W. Gil-

lespie, with the possession and apparent ownership of said property, and that said son was at the time, with the knowledge and consent of the plaintiff, holding himself out as the real owner thereof, and that the plaintiff permitted him to manage and deal with said property as his own, and the sheriff acted thereon to his injury, that the plaintiff is estopped to assert his ownership of the property in dispute, and your verdict will be for the defendant." There was no error in refusing this instruction, for the reason that there was no evidence in the case to which it was applicable. The plaintiffs in error in their answer did not plead an estoppel, nor did they prove one. Under the evidence no other verdict than the one for the defendant in error could be sustained. There is no error in the record and the judgment of the district court is

AFFIRMED.